FOR THE STATE OF TEXAS
DIVISION OF FORT WORTH
CASE NO: 4:15-CR-00153-O(06)

JENNIFER CHURCH, PETITIONER

VS.

UNITED STATES OF AMERICA, RESPONDENT

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 11 2016
CLERK, U.S. DISTRICT COURT
By_____ Deputy

---

MOTION PURSUANT TO 28 U.S.C. §2255 TO VACATE
SET ASIDE SENTENCE IN LIGHT OF RETROACTIVE
EFFECT OF THE CLARIFYING AMENDMENT (794)

---

COMES NOW, the petitioner in this matter, JENNIFER CHURCH, proceeding pro se at this juncture, respectfully asks of this Honorable Court, to vacate her sentence in the aforementioned docketed case, as the sentence imposed does not reflect the relief awarded to those offenders, having a 'minor role' in their respective conspiracys. In furtherance she states the following;

The ninth recently decided in United States v Quintero-Leyva, 2016 WL 2865713(9th Cir. 2016). that the lower court erred in its denial of not allowing a departure in sentence, based on the minimal participation of Quintero-Leyva. §3B1.2, requires that the sentencing court, review criteria set forth, to ascertain whether or not the defendant standing before them, had a less culpable role in the respective conspiracy. If the defendant meets the criteria, then the court in its discretion, can grant a sentencing departure, of up to (4) levels, to the defendant.

Many a court has neglected to consider the factors set forth under §3B1.2, creating a sentencing disparity, as it relates to the granting of departures in sentencing. The petitioner in this case was a mere 'peon' in the entire scheme, and was deserving of consideration for the provision. Amendment (794) merely clarifies what the Courts should have been doing, as there seems to be non-iniformity amongst the circuits, when it comes to the imposition of sentences, without the benefit of considering the 'minor role relief provision'. Ms. Church, by not being accorded the opportunity to receive said consideration and relief, comes today, requesting that this Court review her role, and grant the hereto motion, as she qualifies.

CASE SUMMARY:

On November 16, 2015, the petitioner Jennifer Church, was sentenced to a custodial sentence of (110) months to be followed by (4) years Supervised Release (probation) in violation of statute 21:846 Conspiracy to possess with intent to distribute a controlled substance.

Petitioner did not file an appeal.

She comes now, with hereto motion, seeking relief in light of the clarifying amendment (794), which clarifies who can receive benefit of provision §3B1.2, as there was an alarming trend throughout most courts, of not issuing said reduction. What the court must take into consideration are factors like, was petitioner in a decision makeing position, authority. The nature of participation in the commission of the offense. Whether she claimed rights to a large share of "the fruits of the crime". The petitioner in this case did none of these things. The petitioner was paid a minimal fee for being a

courier. What the court must also consider was the fact petitioner was also an addict herself. An addict whose pay for participating in the offense consisted also of the drugs to support her own habit. Ms. Church, was recruited into the conspiracy as an ordinary member with a very limited role of the typical courier. Her involvement was one of short duration, in which the petitioner simply handed over the packages to someone else and thereby terminating her involvement, she never owned the drugs, financed any part of the offense, possess any decision making authority in the operation. She had very limited knowledge of the scope and structure of the organization. She was an addict, who performed a service, to maintain her addiction.

Ms. Church, is not trying to evade punishment, she simply seeks consideration of the applicable reduction of sentence, under §3B1.2, as she is qualified.

Amendment (794) under §3B1.2 took effect November 1, 2015, therefore allowing those offenders the opportunity to file for relief up to November 1, 2016. Under §3B1.2, all factors must be considered in order to ascertain whether or not a defendant qualifies for the Minor Role

The Amendment generally adopted the approach of this Court and the Seventh Circuit, stating that when a District Court conducts an assessment of whether a defendant should receive a role reduction, " the defendant is to be compared with the other participants" in the crime, not with a hypothetical average participant.

When filing for relief on said Amendment, the Court will look at whether or not a petitioner has already filed for collateral review in prior proceedings. If that is the case, there are exceptions to the rule. IN Insignares v Sec'y, Fla Dept of Corr, 2014 U.S. App Lexis 11788, at *18 -*19(11th Cir. June 23, 2014), second-in-time petition was not "second or successive" because intervening resentencing by the Court resulted in a new judgement, and the 2011 petition is [prisoner's] first federal challenge to the new judgement. When a habeas petition is the first to challenge a new judgement, it is not "second or successive" regardless of whether its claims challenge the sentence or the underlying conviction.

The Supreme Court's practice of safeguarding the availability of a meaningful opportunity for at least one full round of federal post-conviction review is equally apparent in the following rulings on various aspects of AEDPA. See Castro v U.S., 540 US 375 (2003).

In <u>Slack v McDaniel</u>, the state asked the Court to construe the Certificate of appealability provision-which conditions the issuance of a certificate upon a "substantial showing of the denial of a constitutional right. [28 USC 2253(c)(2)(2006)(emphasis added)-to limit appeals to "constitutional" rulings and thereby forbid the issuance of a certificate of appealability when a District Court denies a petition on procedural grounds without reaching the underlying constitutional claim.

The Court "rejected this interpretation" because of its obviously deleterious effect on the writ's ability to fullfill its "vital role in protecting constitutional rights." <u>529 U.S. at 483</u>. For discussion of the standard the Court adopted for issuance of certificate of appealability in cases of this sort, see infra §35.4b.n32.

In <u>Miller-El v Cockrell, 537 U.S. 322(03)</u>, the Court held that the 5th Circuit had eluded two seperate stages of the process-determination whether to issue a COA and the assessment of the merits(id at 335-36). Deciding the substance of an appeal in what should only be a threshold inquiry, undermines the concept of a COA". id at 342. A claim can be debateable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

So to summarize, the petitioner, not having received a Minor Role in her case, comes now, respectfully asking this Court to consider the culpability she had within the crime, and the disparity of sentences the other participants. The petitioner not having received an enhancement under the leader/organizer/managerial provision, is deserving of a reduction of sentence for her minimal participation.

Wherefore, Ms. CHURCH respectfully asks that this Court consider the hereto motion, and grant relief, as she qualifies under the provisions set forth under §3b1.2. When one thinks about it, this Amendment is really an extension of what the Sentencing Commission has been feverently trying to do, as it relates to easing the burden on the Prison System, by giving relief to those offenders who received harsh sentences without the benefit of culpability, as to their sole role.

Thank you.

Respectfully submitted,

*Jennifer Church*

CERTIFICATE OF SERVICE:

I, Jennifer Church hereby state under the penalty of perjury that the hereto motion was placed in the prison mailbox on 08/04/2016, and sent to the following parties;

Edon B. Mahon
United States Courthouse
501 West Tenth Street
Fort Worth, Texas   76102

Signed: *Jennifer Church*   Dated: 08/04/2016

Jennifer Church
# 49713-177

FCI ALICEVILLE
P.O. BOX 4000
ALICEVILLE, AL  35442

```
ALIG7  540*23  *        SENTENCE MONITORING       *      07-28-2016
PAGE 002 OF 002 *       COMPUTATION DATA          *        15:04:40
                        AS OF 07-28-2016

REGNO..: 49713-177 NAME: CHURCH, JENNIFER


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-18-2016 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 02-19-2016 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 11-16-2015
TOTAL TERM IN EFFECT............:    110 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:      9 YEARS      2 MONTHS
EARLIEST DATE OF OFFENSE........: 06-10-2015

JAIL CREDIT.....................:   FROM DATE    THRU DATE
                                    06-17-2015   11-15-2015

TOTAL PRIOR CREDIT TIME.........: 152
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 431
TOTAL GCT EARNED................: 54
STATUTORY RELEASE DATE PROJECTED: 06-12-2023
EXPIRATION FULL TERM DATE.......: 08-16-2024
TIME SERVED.....................:      1 YEARS     1 MONTHS    12 DAYS
PERCENTAGE OF FULL TERM SERVED..:   12.1

PROJECTED SATISFACTION DATE.....: 06-12-2023
PROJECTED SATISFACTION METHOD...: GCT REL




G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

```
ALIG7  540*23  *       SENTENCE MONITORING         *    07-28-2016
PAGE 001        *      COMPUTATION DATA            *    15:04:40
                       AS OF 07-28-2016

REGNO..: 49713-177 NAME: CHURCH, JENNIFER


FBI NO............: 64857PB4      DATE OF BIRTH: 10-03-1983  AGE: 32
ARS1..............: ALI/A-DES
UNIT..............: B UNIT        QUARTERS.....: B03-102U
DETAINERS.........: NO            NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 12-12-2022

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  06-12-2023 VIA GCT REL


-----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: TEXAS, NORTHERN DISTRICT
DOCKET NUMBER...................: 4:15-CR-00153-O(06)
JUDGE...........................: O'CONNOR
DATE SENTENCED/PROBATION IMPOSED: 11-16-2015
DATE COMMITTED..................: 03-31-2016
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                    FELONY ASSESS  MISDMNR ASSESS   FINES        COSTS
NON-COMMITTED.:     $100.00        $00.00           $00.00       $00.00

RESTITUTION...: PROPERTY:  NO   SERVICES:  NO    AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 ----------------------------
OFFENSE CODE....:  391
OFF/CHG: 21:846 CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE A
        CONTROLLED SUBSTANCE

SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:    110 MONTHS
TERM OF SUPERVISION............:      4 YEARS
DATE OF OFFENSE................: 06-10-2015




G0002        MORE PAGES TO FOLLOW . . .
```

⇔49713-177⇔
Jennifer Church
Federal Correctional
Institution Aliceville
PO BOX 4000
Aliceville, AL 35442
United States

Legal Mail

BIRMINGHAM AL 350
08 AUG 2016 PM 1 L

11 AM 10: 12
CLERK OF COURT

76102-366827

Edon B Mahon
United States Courthouse
501 West 10th Street Room 310
Fort Worth TX
76102-3112

